**NOT FOR PUBLICATION**

FILED

AUG 10 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50031 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00923-SJO-44 |
| v. | |
| RASHAAD LARAY LAWS, AKA Henry Anderson, AKA Big Time, AKA Seal C, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted July 5, 2016
Pasadena, California

Before: MURGUIA and WATFORD, Circuit Judges, and BOLTON,** District
Judge.

Appellant Rashaad Laws appeals his convictions for racketeering conspiracy

in violation of 18 U.S.C. § 1962(d) and drug trafficking conspiracy in violation of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

21 U.S.C. § 846. Laws challenges the sufficiency of the evidence used to convict him of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and drug trafficking conspiracies. This Court has jurisdiction over this direct appeal pursuant to 28 U.S.C. § 1291. We affirm.

We review a claim for sufficiency of the evidence de novo. *United States v. Garcia-Paz*, 282 F.3d 1212, 1217 (9th Cir. 2002). A conviction is supported by sufficient evidence if, in viewing evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Wright*, 215 F.3d 1020, 1025 (9th Cir. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Laws's sufficiency of the evidence argument fails as to both his RICO conspiracy[1] and drug trafficking conspiracy counts. On the RICO conspiracy count, the Government's evidence showed that Laws participated in gang activity including robberies; bought, sold, and made drugs; and encouraged other members to do the same including taking other members on "missions" to prove themselves. A rational jury could have concluded that Laws knowingly participated in the RICO conspiracy. *See United States v. Dunn*, 564 F.2d 348, 357 (9th Cir. 1977) (noting that even a slight connection between the defendant and the conspiracy is sufficient to show knowing

---

[1] The predicate offenses of the RICO conspiracy alleged in the indictment included robbery, murder, and drug trafficking.

participation). The Government also presented sufficient evidence to support Laws's drug trafficking conspiracy conviction. *See United States v. Moe*, 781 F.3d 1120, 1125 (9th Cir. 2015) (requiring more than a buyer-seller relationship for a conviction on a drug trafficking conspiracy). The Government's evidence showed that Laws resupplied gang members with drugs, benefitted from the gang's drug selling monopoly, and operated a cocaine stash house where he and other gang members converted cocaine to crack cocaine for resale. A rational jury could have concluded that Laws knew of and participated in the gang's drug trafficking conspiracy. *Wright*, 215 F.3d at 1025.

**AFFIRMED.**